IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE LEWIS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 1:16-CV-295-WKW |
| | ) |
| HOUSTON COUNTY JAIL - | ) |
| MEDICAL DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jessie Lewis, Jr. ("Lewis"), an inmate incarcerated at the Houston County Jail, initiated this 42 U.S.C. § 1983 action on April 27, 2016. After reviewing the complaint and finding that Lewis had failed to name a proper defendant, the court determined that Lewis should be provided an opportunity to file an amendment to the complaint to correct this deficiency. A detailed order was therefore issued explaining the deficiency and providing Lewis instructions with respect to filing the amendment. *Order of June 6, 2016 - Doc. No. 7*. The court specifically advised Lewis "that this case will henceforth proceed only against the individuals named in the amendment to the complaint" and cautioned him that his failure to comply with the order would result in a Recommendation that this case be dismissed. *Id*. at 1-2.

The time allowed Lewis to file the amendment expired on June 21, 2016. As of the present date, Lewis has failed to file an amendment to the complaint as required by this court. In light of Lewis' failure to file the requisite amendment, the court concludes that

this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amendment to the complaint as directed by this court.

It is further

ORDERED that on or before July 22, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 8th day of July, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge