IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSIE LEWIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:16-CV-295-WKW |
| ) | |
| HOUSTON COUNTY SHERIFF, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jessie Lewis, Jr. ("Lewis"), an indigent inmate, in which he challenges the constitutionality of conditions and actions to which he was subjected during his incarceration at the Houston County Jail.[1]

The defendant filed a special report, supplement thereto and supporting evidentiary materials addressing Lewis' claims for relief. In these filings, the defendant denies he acted in violation of Lewis' constitutional rights and further argues that this case is due to be dismissed because prior to filing this cause of action Lewis failed to exhaust an administrative remedy available to him at the Houston County Jail with respect to the

---

[1] The record demonstrates that the actions/conditions about which Lewis complains occurred from July 15, 2015 until August 1, 2016.

1

claims presented in the complaint. *Defendant's Special Report - Doc. No. 25* at 12-16. The defendant bases his exhaustion defense on Lewis' failure to appeal any of the responses provided to the grievances he filed and his failure to file grievances addressing his claims regarding the shaving of his beard, the limited provision of mats, the lack of sufficient seats at meal time, dirty mats, lack of clean socks and boxers, unsanitary dinner trays, provision of the same meal each day, lack of opportunity to watch television, the presence of rats, lack of adequate outdoor exercise, the use of unsanitary hair clippers, lack of a handicap access shower, lack of pillows or bed sheets, and denial of a broom/mop to clean his cell. It is clear that during the litigation of this case the time for filing grievances and/or appeals of the responses provided to his grievances expired and, therefore, Lewis now has no available remedy to challenge the actions referenced in the instant complaint.

Upon receipt of the defendants' special report, the court issued an order providing Lewis an opportunity to file a response to the report in which he was specifically directed to address "the defendants' argument[] that . . . [h]is claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action. *Order of October 25, 2016 - Doc. No. 26* at 1 (footnote omitted). The order also advised Lewis that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials. *Id*. at 3. In addition, the order cautioned Lewis that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "why such action

should not be undertaken, the court may at any time [after expiration of the time for his filing a response] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." *Id*. at 4 (footnote omitted). Lewis filed no response to this order within the time prescribed by the court.

Pursuant to the aforementioned order, the court deems it appropriate to treat the special report filed by the defendants as a motion to dismiss with respect to the exhaustion defense. Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense … is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed Defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e as to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*,

3

> 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison … must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, the law is well settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will therefore "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict,

4

take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner,* 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Lewis challenges actions and conditions which occurred during his incarceration at the Houston County Jail. In response to the complaint, the defendants assert that this case is subject to dismissal because Lewis failed to exhaust the administrative remedy provided

at the jail prior to filing the instant complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no

adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings… . Construing § 1997e(a) to require proper exhaustion … fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387.  The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement … by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

It is undisputed that at all times relevant to this case the Houston County Jail provided an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Each of the grievance procedures applicable to the claims presented by Lewis allowed him the opportunity to submit grievances to jail personnel with respect to conditions occurring at the jail. The grievance procedure relative to actions which occurred on or before August 23, 2015 provided as follows:

> 1. If an inmate has a grievance they may request a grievance form from jail staff. Staff will provide an inmate with a grievance form as soon as the staff member can. Grievances are to be made by [an] individual inmate only. If more than one inmate has the same grievance, each inmate must request and submit a grievance form. Inmates may only submit one grievance per day.
>
> 2. Complete the grievance form providing as much detail as possible in the space provided for the inmate and return the form to the jail staff. Grievance forms shall be placed in the secure box. Each grievance may only address one issue and the grievance form cannot contain cuss words or any disparaging comments about any person. The grievance shall be submitted within three days of the event which is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievance forms which do not conform to policy will be returned to the inmate without the grievance issue being addressed.
>
> 3. The jail has 15 days to investigate and answer the grievance. The grievance may be answered by any jail staff member authorized to answer the particular grievance.
>
> 4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking a staff member for an appeal form. The appeal will be answered by the next person in the chain of command. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The person hearing the appeal will have 30 days to answer the appeal. For purposes of this policy the chain of command is (1) first

responder to the grievance; (2) a jail supervisor assigned to answer the appeal; (3) assistant jail commander; (4) jail commander.

5. Each time the inmate is dissatisfied with the response to an appeal, they may follow the same procedure with the next person in the chain of command until they reach the jail commander who will make the final decision.

6. If an inmate has an emergency he or she may make an oral request to any member of the jail staff. The jail staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is defined as anything which affects the immediate life, safety or health of the inmate or the security and safety of the facility.

7. All grievances are tracked by the jail staff to ensure that (1) inmate[] grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

*Defendant's Exhibit C - Doc. No. 25-3* at 8.

The grievance procedure effective as of August 24, 2015, reads as follows:

1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.

2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.

3. The Grievance Deputy has 15 days to investigate and answer the grievance.

9

>  4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.
>
>  5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.
>
>  6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.
>
>  7. All grievances are tracked to ensure that (1) inmates grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

*Defendant's Supplemental Exhibit B - Doc. No. 33-3* at 8.

Based on the undisputed evidence, the court finds that Lewis failed to exhaust the administrative grievance procedure available at the Houston County Jail properly prior to filing this case. Specifically, Lewis did not appeal any of the responses to those grievances in which he referenced claims relevant to this cause of action, nor did he file grievances with respect to several of his claims for relief. It is likewise undisputed that the facility's administrative remedy is no longer available to Lewis because the time limits applicable to both filing a grievance with respect to the claims presented in the complaint and appealing

the responses provided to grievances has expired. Lewis does not dispute his failure to exhaust the administrative remedy provided to him by the defendants while such remedy was available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits … properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to exhaust an administrative remedy previously available to him at the Houston County Jail prior to initiating this cause of action.

2. This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy before seeking relief from this court.

    3.  No costs be taxed herein.

The parties may file objections to this Recommendation on or before February 21, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are cautioned that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 6th day of February, 2017.

                                   /s/ Susan Russ Walker  
                                   Susan Russ Walker  
                                   Chief United States Magistrate Judge